

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

CLIFF ROBERTS,

                  Plaintiff,

    -against-

                                       **COMPLAINT**

THE CITY OF NEW YORK, JOSE
BONILLA, and JOHN DOES 1 and 2,

                                         **PLAINTIFF DEMAND**
                  Defendants.            **A TRIAL BY JURY**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiff Cliff Roberts, by his attorneys, Reibman & Weiner, as and for his Complaint, hereby allege as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

        1.    At all times hereinafter mentioned plaintiff Cliff Roberts was an adult male and a resident of Bronx County in the State of New York.

        2.    At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and its employees.

        3.    At all times hereinafter mentioned, defendant Jose Bonilla was a member of the NYPD (Tax Id: 940973), and was employed, retained, trained and supervised by New York City. Bonilla is sued herein in his official and individual capacities.

        4.    At all times hereinafter mentioned, defendants John Doe 1 and 2 were

members of the NYPD whose identities are not presently known by plaintiff, and were employed, retained, trained and supervised by New York City. The Doe defendants are herein in their official and individual capacities.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Southern District of New York, where plaintiff and defendant City of New York reside, and where the events complained of herein occurred.

## RELEVANT FACTS

7. On or about November 17, 2010, at or about 1:30 p.m., plaintiff was lawfully present in his vehicle on Burnside Avenue in Bronx County.

8. The vehicle was parked and plaintiff was not engaged in any conduct that was unlawful or could reasonably have been viewed as unlawful.

9. The defendants, Bonilla and the Doe defendants approached plaintiff and demanded that he exit the vehicle.

10. The defendants, without consent, or legal justification, or cause, searched plaintiff's vehicle.

11. Plaintiff was handcuffed and transported to a local area NYPD station house, where he was processed and strip searched.

12. After a period of hours plaintiff was transported to Bronx Central

Booking, where he was detained for a period of many more hours.

13. The Bronx District Attorney declined to prosecute plaintiff and he was released without being charged.

14. At no time did the defendants have sufficient legal cause to detain, seize or arrest plaintiff, nor was there a reasonable basis for defendants to believe that such cause existed.

15. At no time did any of the defendants take any steps to intervene in, prevent, or otherwise limit the unlawful and unconstitutional conduct of Bonilla or the other defendants.

16. At all times relevant herein, the defendants, including the Doe defendants, were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

17. Plaintiff repeats the allegations contained in paragraphs "1" through "16" above as though stated fully herein.

18. Defendants willfully and intentionally seized, searched, detained and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

19. Defendants willfully and intentionally subjected plaintiff to excessive force by employing more force than reasonably necessary under the circumstances, and

without a reasonable basis to believe that the use of such force was appropriate, reasonable, lawful or necessary.

20. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment and deprivation of due process and thereby violated, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

21. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

22. Plaintiff repeats the allegations contained in paragraphs "1" through "21" above as though stated fully herein.

23. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the NYPD.

24. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members

engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

25. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

26. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

27. The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

    a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

    b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

      c.    Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

      d.    Retaliating against officers who report police misconduct; and

      e.    Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

43. The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the vast array of civil actions filed in the Southern and Eastern Districts of New York, as well as in New York State Supreme Court.

44. Furthermore, in an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

45. In addition, while the Civilian Complaint Review Board exists to, in part, review and act on civilian complaints of misconduct, upon information and belief more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

46. It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

47. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

    i. on the first cause of action actual and punitive damages in an amount to be determined at trial;

    ii. on the second cause of action actual damages in an amount to be determined at trial;

    iii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

    iv. such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
      April 22, 2013

                REIBMAN & WEINER

By: _____
Michael B. Lumer (ML-1947)
Attorneys for Plaintiff
26 Court Street, Suite 1808
Brooklyn, New York 11242
(718) 522-1743